IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY BARKER                                                                                           PLAINTIFF

v.                                              Case No. 6:14-CV-06060

J. JONES, Advanced Practice Nurse, Ouachita River
Correctional Unit; BOETTGER, Advanced Practice
Nurse, Ouachita River Correctional Unit; DR. VOWELL,
Ouachita River Correctional Unit; DR. GREGORY
MCKINNEY, Ouachita River Correctional Unit;
OFFICER JOHN DOE, Central Transportation, Arkansas
Department of Correction; and OFFICER JANE DOE,
Arkansas Department of Correction                                                              DEFENDANTS

## **O R D E R**

Currently before the Court are the proposed findings and recommendations (Doc. 54) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 55). The Magistrate Judge conducted a hearing on April 12, 2016 to allow Plaintiff to testify in response to Defendants' motion for summary judgment.

After reviewing the record de novo as to Plaintiff's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. The Court therefore concludes that the findings and recommendations should be, and hereby are, ADOPTED IN THEIR ENTIRETY.

This leaves only the John Doe and Jane Doe defendants. Just as Plaintiff failed to exhaust his administrative remedies with respect to APN J. Jones, APN Boettger, and Dr. McKinney, Plaintiff likewise failed to exhaust these remedies with respect to Officers John Doe and Jane Doe. None of Plaintiff's grievances mentioned or made claims against the unidentified transportation officers. Instead, in OR-13-01123, submitted on August 27, 2013, Plaintiff noted his right foot was

cut off on August 12, 2013, and he simply asserted that the amputation was "due to the deliberate indifference to my serious medical needs on the part of Corizon, Inc. employees; all the names of which I cannot recall; all the dates and times I cannot recall." Defts' Ex. A at 25.  Plaintiff alleged that his medical records would contain this information.  *Id*.  Yet the unidentified transportation officers are alleged to be employees of the Arkansas Department of Corrections and not Corizon, Inc.  The grievance cannot be construed as making a claim against them.  Additionally, in a decision dated January 24, 2014, Plaintiff's appeal was found to be without merit because he did not give specific information in his Step One informal resolution or his appeal "to support [his] allegations of deliberate indifference to [his] medical needs. Without such information, [his] allegations [could not] be properly investigated." *Id*. at 29.  The decision noted that the grievance policy requires a complaint to include the "date, place, [and] personnel involved." *Id*.  Because Plaintiff's grievances did not make specific allegations against any transportation officers, he has failed to exhaust his administrative remedies against Defendants John Doe and Jane Doe, and the claims against them will be dismissed.

    IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 30) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

    IT IS SO ORDERED this 28th day of September, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE